**325 So.2d 176**
**In re STATE of Alabama**

v.

**ALLIED PAPER INCORPORATED,**
**a corporation.**

**Ex parte State of Alabama**

**SC 1441.**

Supreme Court of Alabama.

Jan. 2, 1976.

William J. Baxley, Atty. Gen., and William H. Burton, Asst. Atty. Gen., for the State.

Joseph H. Johnson, Jr., Birmingham, for Allied Paper Inc.

MADDOX, Justice.

Writ denied.

HEFLIN, C. J., and MERRILL, BLOODWORTH, SHORES and EMBRY, JJ., concur.

FAULKNER, JONES and ALMON, JJ., dissent.

JONES, Justice (dissenting):

I would grant the writ. Courts, in their interpretation of taxing authority, tend to be taxpayer oriented. This is more than personal philosophy; it is indeed a rule of law. But it is also a well-established principle that the law looks to substance rather than form. In denying certiorari, the majority of this Court, in my opinion, not only hails as victorious form over substance but adorns the victor with armor of pretense and subterfuge.

By excluding the applicability of Tit. 51, § 786(34)(i) and (m), Code,[1] the Court of Civil Appeals makes clear that its opinion is hinged totally on an interpretation of State Department of Revenue Departmental Rule G27–916, 56 Ala.App. 661, 325 So. 2d 171.

I respectfully disagree with the Court of Civil Appeals' interpretation of this administrative rule in two particulars: First, the opinion accords to the Rule full legal credence and treats its language as having the same weight and effect as statutuory taxing authority. This is contrary to the well-established law of this State. Second, assuming the validity of Rule G27–916, I believe its language, properly construed, is fully supportive of the State's position imposing the tax.

### RULE G27–916 AS LAW

It is axiomatic that the levying section of the Sales Tax Act and any exemptions thereunder and under the Cater Act (authorizing Industrial Boards), and not an administrative rule, must govern. The applicable section of the Sales Tax Act (Tit. 51, § 786(25)) provides that the tax is levied on the "purchaser" and "consumer" who actually buys and pays for the tangible personal property purchased at retail.

The only exemption in the statutes which could possibly have any bearing on this case is found in § 11 of Act No. 648, Acts of Alabama 1949 (Cater Act), Tit. 37, § 825. This provides that the corporation (the Industrial Board) and its properties and income therefrom are exempt from taxation in this State.

This section creates the exemption here claimed or no exemption exists in favor of the transaction in question. Departmental Rule G27–916 exempts industrial boards "from sales or use tax on any tangible personal property purchased by the board, provided the purchases were made in the name of the board and the board's credit is obligated." The Court of Civil Appeals' opinion holds that the criteria set forth in this administrative rule has been met qualifying Allied for the tax exemption.

Clearly, then, what the Court of Civil Appeals' opinion has done is to use the test formulated by Rule G27–916 to construe the Cater Act exemption (Tit. 37, § 825) to the sales tax levy (Tit. 51, § 786(25)). The problem with this reasoning is that the opinion's conclusion places the test set forth in the rule in conflict with the statute. This gives to the rule a different and conflicting construction to that authorized by the statute.

### CONSTRUCTION OF RULE G27–916

I believe that an examination of the Rule, in conjunction with the exemption statute from which the Rule necessarily emanates, shows that the Rule is not in conflict with, but rather an aid to the administration of, the basic statutes. The levying statute imposes a sales or use tax on the purchaser or consumer with no exemption here applicable. The Cater Act provides that the corporation (Industrial Board) is exempt from taxation by the State. The administrative regulation (De-

---

[1]. Subsection (34)(i) of the sales tax levying section of the statute exempts incorporated municipalities, and subsection (34)(m) exempts "educational institutions and agencies of . . . any incorporated municipality . . .". Both subsections were relied upon by Allied and properly rejected by the Court of Civil Appeals.

partmental Rule G27–916) seeks to set forth guidelines governing the relationship of the Board to the industrial lessee (Allied) as to who is in fact such purchaser or consumer.

Initially, when the Board used its bond issue capital to build and equip for lease the paper mills in question, no tax incident occurred nor was any claimed. The rule and its parent statute consistently so mandate. Here, however, with like constancy the Rule creates a tax incident unless the law is willing to indulge in the most blatant of fictions.

In my humble opinion, appellate court judges ought to be presumed to know at least as much as the average man on the street. Applying this simple test, I know from the stipulation of facts before us that the Board was not, and could not have been, either the purchaser or the consumer of the machinery in question. The Board neither bought, claims, nor uses the property. Its only revenue—rentals from Allied —is legally committed to the retirement of the bonded indebtedness. The fact that the machinery was bought "on credit", rather than by a cash transaction, is a far cry from obligating the credit of the Board. Indeed, this was legally impossible. The Board can do only what its charter authorizes and it certainly cannot buy what it cannot pay for.

Allied, on the other hand, bought the property through the Board as its agent, paid for it, claimed it, used it, and depreciated it for income tax purposes. If these facts do not constitute Allied as the purchaser and consumer, then all my powers of reasoning and logic, and my common sense have eluded me.

Take, for example, the income tax depreciation incident: Allied claims the property for this purpose and consequently pays less State (and Federal) corporate income tax. But it disavows ownership for sales or use tax purposes. To this blatant inconsistency, the trial Court, and now the Court of Civil Appeals and the Supreme Court have said, "We agree." And the only factual basis for such conclusion is the pretense that the Board purchased the machinery and obligated its credit therefor by using the Board's purchase order form.

It is important—indeed crucial—that the law itself be honest; and, above all else, that it give the appearance of being honest. The very essence of legal integrity certainly consists of treating matters in their reality and not in creating nor indulging fiction or fancy. The rule of law must not only endure, it must prevail; and it can do so only so long as it merits and maintains the understanding and respect of its citizenry. Nothing generates disrespect for the law more than its unequal application or its tolerance for subterfuge.

I would grant the writ and hold that Allied is liable to the State of Alabama on the sales tax assessment by the Revenue Department in the amount of $17,493.71.

FAULKNER, J., concurs.

ALMON, Justice (dissenting):

I think the writ should issue so that this Court could give further consideration to the question presented by the petition for writ of certiorari. At this stage of the proceeding, however, I do not consider it appropriate to express a final view as the entire record is not before us.